J-A08010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JANE ELLEN WEISMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL PAUL WEISMAN | |
| Appellee | No. 2900 EDA 2016 |

Appeal from the Order Entered August 4, 2016
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 99-08626

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 18, 2017**

Appellant, Jane Ellen Weisman ("Wife"), appeals from the order entered in the Montgomery County Court of Common Pleas, modifying the amount of alimony owed by Michael Paul Weisman ("Husband"). We affirm.

The relevant facts and procedural history of this appeal are as follows.[1] Husband and Wife were married in 1968. In 1999, the parties separated and Wife filed a complaint seeking a divorce. Throughout the lengthy divorce proceedings, Wife repeatedly contested the value of a home healthcare

---

[*] Former Justice specially assigned to the Superior Court.

[1] The parties appeared before a previous panel of this Court, and we direct the interested reader to the more detailed factual recitation given in that memorandum. **See Weisman v. Weisman**, Nos. 1471 EDA 2014, 1472 EDA 2014, 1473 EDA 2014, 1474 EDA 2014 (Pa. Super., filed July 14, 2015) (unpublished memorandum).

business Husband started in 1983 and closed in 2006. Husband provided Wife with financial support until his business closed. At that time, Wife filed a petition for special relief, seeking alimony *pendente lite* ("APL") arrangement. The court issued an order granting Wife's petition and ordering Husband to provide Wife with monthly APL payments of $2,400.00, for Wife's living expenses and healthcare costs. The court later reduced this award upon discovering that Wife had improperly diverted some of these funds away from her health insurance payments.

On March 26, 2014, the trial court entered a divorce decree. The decree ordered Husband to pay alimony to Wife for five years, in the amount of $367.00 per month, in place of the APL payments. The trial court also ordered Wife to pay part of Husband's counsel fees, due to purported discovery violations. Wife appealed to this Court; the panel vacated the award of counsel fees. The panel also found the trial court miscalculated the amount of alimony Husband owed Wife, due to an error in determining Husband's assets. The panel remanded the case to the trial court for recalculation of the alimony award, and affirmed the remainder of the divorce decree. Wife filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied.

On remand, the trial court recalculated the alimony award as $934.00 per month, modifiable based on any changes in the parties' incomes. Husband then filed a petition to modify the amount of alimony due to a change in his income. After a two-day hearing, the court modified the

alimony award on August 4, 2016. The court's order stated that Husband owed Wife alimony payments of $1,301.50 per month from the period of March 26, 2014 through July 31, 2015. The court also ordered Husband to pay alimony in the amount of $500.00 each month thereafter, until the end of the five-year alimony period. The order did not modify any of the APL payments made prior to the divorce decree.

Both parties filed petitions for reconsideration of the August 4 order. The court refused to recalculate the alimony payment, and ultimately denied the petitions. Wife filed a timely notice of appeal.

On appeal, Wife argues a single issue:

> Did the trial court err in its order of August 4, 2016, in treating the amount of support fixed by the May 2008 Agreed Order for support as modifiable when it, by its own terms, was made nonmodifiable?

Wife's Brief, at 2-3.

Though Wife specifically objects to the order of August 4, 2016, Wife's argument is rooted in her insistence that the underlying May 2008 APL order was not modifiable because both parties agreed to the terms of the order. *See id*. at 11-13, 16. In support of her claim, Wife cites to 23 Pa.C.S.A. § 3105(c), which states that an agreed-upon APL order may not be modified by the trial court. *Id*. at 12. However, a previous panel of this Court addressed this particular issue in Wife's earlier appeal. We therefore conclude the law of the case doctrine precludes Wife any relief on this issue.

"The law of the case doctrine sets forth various rules that embody the

concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." **In re Estate of Elkins**, 32 A.3d 768, 776 (Pa. Super. 2011) (citation omitted).

> Among the related but distinct rules which make up the law of the case doctrine are that: … (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court.

**George v. Ellis**, 911 A.2d 121, 125 (Pa. Super. 2006) (citation omitted).

The prior panel addressed Wife's contentions about the May 2008 APL order as follows:

> [T]he record contains no direct evidence that the parties agreed to the May 1, 2008 order. The order does not expressly state that it was entered by consent. The order makes the success of [Husband's] petition to bifurcate conditional on his compliance with paragraphs 2 (provide health insurance) and 3 (obtain life insurance). The court did not condition the grant of [Husband's] bifurcation motion on his compliance with Paragraph 1, which includes the "without reduction" language. Ultimately, we are left to speculate whether the terms of the May 1, 2008 order was the subject of a negotiated agreement or whether it was of the trial court's design. Under these circumstances, we do not believe [23 Pa.C.S.A.] § 3105(c), governing APL by agreement, is dispositive.

**Weisman**, **supra** at 10.

The panel made the determination that the record did not contain credible evidence that the May 2008 APL order was an unmodifiable negotiated agreement. The panel remanded the case to the trial court for the limited purpose of recalculating the amount of alimony Husband owed Wife, due to the trial court's miscalculation of Husband's income. The panel

did not order the trial court to alter the previously paid APL, as the APL award was replaced by the alimony order. The Pennsylvania Supreme Court declined to review the case on appeal, rendering the panel's determination final. Thus, we find unavailing Wife's attempts to reopen that issue again on appeal before the same Court that previously addressed it.

Based on the foregoing, we find this Court has already resolved the core of Wife's single question on appeal. Consequently, despite Wife's protestations, we are without discretion to reopen the issue. *See George*, 911 A.2d at 125. Accordingly, we affirm the August 4, 2016 order modifying the amount of alimony Husband must pay Wife.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017